*Dorothy May BEGAY*
Petitioner
*vs.*
*Philbert Leroy BEGAY*
Respondent
In the Family Court of the Navajo Nation
Judicial District of Window Rock, Navajo Nation (Arizona)

No. WR-FC-1513-04

June 15, 2006

## ORDER

This matter arises on Respondent's *Motion to Permit Withdrawal of Counsel and Continue Hearing*. Having considered the motion, response, and the record, the court declines to rule on the motion without further discussions. Therefore, the court sets a time and date for further discussions on the motion. The conference will be on June 16, 2006 at 10:00 A.M. and the parties should each call the court at that time. Participation by counsel for both parties is necessary, and if either counsel is unable to participate in the hearing as scheduled, they should contact the court immediately.

In the pending motion, Petitioner requests withdrawal as counsel and a continuance. The only reason stated for the withdrawal are "[c]ertain unreconciled differences" between counsel and client. P.'s Mot. to Permit Withdrawal, 6/13/06, ¶2. The ABA Model Rules of Professional Conduct, as adopted by our Supreme court in 1993, authorize counsel to terminate representation for a variety of reasons. Rule 1.16(b). Those reasons are broadly-worded and, in fact, several could be paraphrased as allowing withdrawal for unreconciled differences. The court respects that by providing such a general reason for the request to withdraw, counsel is attempting to shield her client from blame or negative allegations surrounding the withdrawal. Viewed strictly through a *bilagáana* interpretative filter, those unreconciled differences may be enough - even without further explanation - to justify the withdrawal.

However, this court is unable to ignore *Diné bi Beenahaz'áanii* in its interpretation, and therefore cannot find that good cause has been shown for the withdrawal based on the motion alone. In this court's thinking, the relationship established between counsel and client may certainly deteriorate for a variety of reasons, but such termination cannot be "approved" by court order without a more detailed discussion. Counsel's role within the relationship is that of a *naat'áanii*, and as such her words and actions carry great weight and are persuasive. A *naat'áanii* may not walk away from that relationship before the issues are resolved without explanation and discussions. The court, also as *naat'áanii*, is not so much in a position to judge whether the unreconciled differences are "good enough" to justify the withdrawal. Instead, the court must ensure that the reasons are known to everyone involved and that the differences exist between *naat'áanii* and client such that the relationship cannot continue.

Based on the foregoing discussion, the court declines to rule on the Motion to Permit Withdrawal of Counsel and Continue Hearing at this time. A ruling will be made following the telephone conference on June 16th.